# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW WILLIAMS, Individually and On Behalf of All Others Similarly Situated )<br><br>Plaintiff,<br><br>v.<br><br>TEAM NOMAD, LLC and AKRAM ATALLAH<br><br>Defendants. | No. 1:22-cv-3544<br>Hon. Edmond E. Chang |

## THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs, Matthew Williams ("Williams") and opt-in Plaintiffs Karissa Trotter, Noe Alvarez, Dejuan Love, Bryant Miller, Nathan McGee, Lenear Bolden, Dupry Steel, Ieasha Barnes, Juwann Robinson, and Kevin Milner (hereinafter referred to collectively as "opt-in Plaintiffs") (Williams and opt-in Plaintiffs are referred to collectively as "Plaintiffs"), and Team Nomad, LLC and Akram Atallah (collectively referred to as "Defendants") (together Plaintiffs and Defendants are referred to as the "Parties"), through their respective counsel, seek approval of their settlement of Plaintiffs' claims and potential claims they could have asserted in this lawsuit, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.* ("IWPCA"). The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona* fide dispute between the Parties. In support of their Joint Motion for Approval of Settlement ("Motion") the Parties state as follows:

1. On July 8, 2022, Plaintiff filed a Collective Action Complaint against Defendants alleging unpaid overtime wages and other unpaid compensation in violation of the FLSA, IMWL, and the IWPCA. Dkt. 1.

{03599187.DOCX / }

2. For several months, the Parties exchanged written discovery including hundreds of pages of records and have privately explored settlement. On March 31, 2022, the Parties reached a settlement of Plaintiffs' claims.

3. Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the Parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, the Parties request that this Court review their Confidential Settlement Agreement ("Settlement Agreement") and approve same. A copy of the Settlement Agreement is attached as **Exhibit 1** to the Parties' Memorandum of Law in Support of this Motion filed concurrently with the instant Motion.

4. The Settlement Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients after a production of extensive discovery. Moreover, the Settlement Agreement was reached after ongoing settlement negotiations between the Parties. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

7. Lastly, Plaintiffs' attorneys' fees and costs are reasonable because of the issues presented in the case, and due to the amount of resources dedicated to analysis and prosecution of Plaintiffs' claims, including the negotiation and settlement of those claims. Accordingly, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona*

*fide* dispute and approve the settlement between Plaintiff and Defendants. Defendants do not oppose the amount of attorneys' fees and costs sought by Plaintiff.

8. For all of these reasons, this Court should find that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the Settlement Agreement.

9. The Parties request that this Court dismiss this lawsuit as provided in the Agreed Proposed Order submitted for the Court's consideration.

WHEREFORE, the Parties respectfully request that this Court approve their negotiated Confidential Settlement Agreement and to dismiss this lawsuit with prejudice with each party to bear their own fees and costs in accordance with the Settlement Agreement.

Dated: May 3, 2023                                                  Respectfully submitted,

| | |
|---|---|
| **SANFORD LAW FIRM, PLLC** | **DOWNEY & LENKOV LLC** |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| | |
| BY:  /s/Josh Sanford | BY:  /s/Jessica B. Jackler |
| Josh Sanford (Ark. Bar No. 2001037) | Jessica B. Jackler (ARDC No. 6305472) |
| Colby Qualls | Storrs W. Downey (ARDC No. 6183060) |
| Kirkpatrick Plaza | Downey & Lenkov LLC |
| 10800 Financial Centre Pkwy | 30 N. LaSalle Street, Suite 3600 |
| Suite 510 | Chicago, IL 60602 |
| Little Rock, Arkansas 72211 | Telephone: (312) 377-1501 |
| Telephone: (501)221-0088 | Facsimile: (312) 377-1502 |
| Facsimile: (888)787-2040 | sdowney@dl-firm.com |
| josh@sanfordlawfirm.com | jjackler@dl-firm.com |
| colby@sanfordlawfirm.com | |

**CERTIFICATE OF SERVICE**

      I certify that on the 3rd day of May 2023, the foregoing the Parties' Joint Motion for Approval of Settlement was filed electronically. Notice of this filing will be sent to attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                           By: /s/Jessica B. Jackler

Storrs W. Downey (ARDC #6183060)
Jessica B. Jackler (ARDC# 6305472)
Downey & Lenkov LLC
30 North LaSalle Street, Suite 3600
Chicago, IL 60602
312-377-1501 (t)
312-377-1502 (f)
sdowney@dl-firm.com
jjackler@dl-firm.com