**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW WILLIAMS, Individually and ) On Behalf of All Others Similarly Situated ) ) Plaintiff, ) ) v. ) ) TEAM NOMAD, LLC and AKRAM ) ATALLAH ) ) Defendants. ) | No. 1:22-cv-3544 Hon. Edmond E. Chang |

**THE PARTIES' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiffs, Matthew Williams ("Williams") and opt-in Plaintiffs Karissa Trotter, Noe Alvarez, Dejuan Love, Bryant Miller, Nathan McGee, Lenear Bolden, Dupry Steel, Ieasha Barnes, Juwann Robinson, and Kevin Milner (hereinafter referred to collectively as "opt-in Plaintiffs") (Williams and opt-in Plaintiffs are referred to collectively as "Plaintiffs"), and Team Nomad, LLC and Akram Atallah (collectively referred to as "Defendants") (together Plaintiffs and Defendants are referred to as the "Parties"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of Their Joint Motion for Approval of Settlement ("Motion") and further state as follows:

**I. PROCEDURAL HISTORY**

On July 8, 2022, Plaintiffs filed a Collective Action Complaint (the "Complaint") against Defendants alleging unpaid wages in violation of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA"). Dkt. 1. On November 21, 2022, the Parties filed a Joint Stipulation Regarding Class Certification and Notice to Collective Action Members pursuant to Section 216(b) of the FLSA

(the "Joint Stipulation"). Dkt. 21. With some revisions made at the Court's request, the Court approved the Parties' proposed notice. See Dkt. 22, 23, & 26. Notice was mailed out and 10 employees filed consents to join the Lawsuit.

The Parties engaged in substantial written discovery for several months, including the production of hundreds of pages of records relating to the Plaintiffs and their claims. Over the past few months, the Parties have explored settlement. The Parties reached a settlement of all of Plaintiffs' claims (including the opt-in Plaintiffs) in the gross amount of $26,500.00. The Parties now seek approval of their settlement. A copy of the Confidential Settlement Agreement ("Settlement Agreement") is attached as **Exhibit 1**.

## II.     STANDARD GOVERNING MOTIONS TO APPROVE FLSA SETTLEMENTS

In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). An employee may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether  the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA  provisions." *Id.* at 1353, 1355. If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

### III. ARGUMENT

The settlement reached by the Parties represents a fair, just and reasonable resolution of the claims alleged by Plaintiffs under the FLSA, the IMWL and IWPCA and any remaining disputes between the Parties. The agreement reached is the result of extensive negotiations between the Parties to resolve this matter. The settlement figures agreed upon bear a reasonable and fair relationship to the amounts alleged by Plaintiffs, and also take into account the specific risks and uncertainties associated with this litigation. The Settlement Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients after a production of extensive discovery.

#### A. ***Bona Fide* Disputes Exist**

The settlement of the instant action involves a *bona fide* dispute. Plaintiffs alleged that they were not paid sufficient mileage reimbursements which resulted in alleged unpaid minimum wages. If the case did not settle, the Parties would have engaged in continued discovery of what the Parties believe would have been extensive and costly. After the close of discovery, the Parties face the prospect of briefing cross-motions for summary judgment and, possibly, trial. In this case, the cost of discovery and trial likely would have exceeded the likelihood of recovery for Plaintiffs. Additionally, absent a settlement, the Plaintiffs face the possibility of little or no recovery of their claims and protracted discovery.

#### B. **The Settlement is Fair and Reasonable**

In determining whether a settlement is fair and reasonable, courts have considered non-exclusive factors such as: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiffs to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages;

(6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9, n.9 (N.D. Ill. Oct. 6, 2011).

The Parties' settlement is fair and reasonable and meets all applicable factors considered by courts. The settlement appropriately factored in the complexity, risk, expense, likely duration of the litigation, and range of reasonableness of the settlement fund in light of the best possible recovery. All Parties recognized the risks inherent in proceeding with the litigation. Defendants recognized their potential exposure if Plaintiffs prevail at trial. Plaintiffs recognized the risk that they could lose on summary judgment or at trial, and not recover all or any of their alleged damages.

Moreover, the settlement is appropriate at this stage of the proceedings and given the extensive discovery, including written discovery, the exchange of voluminous employee records. The Parties thus had sufficient information to assess the risks of assessing liability, damages and the defenses in this case.

Additionally, the settlement is well within the range of possible recovery. As in most wage and hour claims, the nature and amount of recoverable damages was uncertain. Even if a trier of fact ultimately found liability, a range of possible damages existed depending on factors including, but not limited to, the Parties and their witnesses' credibility and Defendants' knowledge, willfulness and good faith.

The settlement represents payment for alleged "kickback" damages related to mileage reimbursements paid to the Plaintiffs during the liability period. The payments to each plaintiff

have been individually calculated to represent the reimbursement of the difference between the mileage rate paid to each Plaintiff and the applicable IRS rate during the liability period. A copy of the damages calculated by Plaintiffs' counsel is attached hereto as **Exhibit 2**. Each Plaintiff is receiving at least four times the kickback damages Plaintiffs' counsel has calculated for him or her from Defendants' records. Plaintiffs will receive the gross amount of $10,000, which is broken down in the proposed Settlement Agreement. In addition, Plaintiff Williams will receive $500.00 in exchange for other, non-wage consideration, representing a service award and additional consideration for agreeing to a general release of claims. All Plaintiffs have consented to the distribution of the settlement amount among them.

Under the terms of the Agreement, Plaintiffs' counsel will receive the amount of $16,000.00. To the extent the Court wishes to determine the reasonableness of the attorneys' fees and costs agreed, Plaintiffs' counsel aver that they are reasonable. To date, Plaintiffs' counsel have billed over $18,000.00 in attorneys' fees and costs to the matter, taking it from initial fact investigation and Complaint drafting, to seeking and implementing certification of a collective as well as communications with members of the collective, through discovery and damages calculations, and finally settlement negotiations and finalization. Plaintiffs' counsel's blended rate for this matter is approximately $214 an hour. Should the Court require more detailed review, Plaintiffs' counsel will provide their billing records.

Based on the aforementioned factors, the Parties conclude that a settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate,  in the best interests of the Parties, and not worth the costs and risks associated with a trial.

## IV.     CONCLUSION

For all the above reasons, the Parties respectfully request an order: (1) approving the Settlement Agreement, including the releases of claims, the payments to Plaintiffs, and the payment of attorneys' fees and costs set forth therein; and (2) dismissing the action in its entirety with prejudice.

Dated: May 3, 2023                                  Respectfully submitted,

**SANFORD LAW FIRM, PLLC**            **DOWNEY & LENKOV LLC**
Attorneys for Plaintiffs                       Attorneys for Defendants

BY: ___/s/Josh Sanford_____            BY: ___/s/Jessica B. Jackler_____
Josh Sanford (Ark. Bar No. 2001037)      Jessica B. Jackler (ARDC No. 6305472)
Colby Qualls                             Storrs W. Downey (ARDC No. 6183060)
Kirkpatrick Plaza                        Downey & Lenkov LLC
10800 Financial Centre Pkwy              30 N. LaSalle Street, Suite 3600
Suite 510                                Chicago, IL 60602
Little Rock, Arkansas 72211              Telephone: (312) 377-1501
Telephone: (501)221-0088                 Facsimile: (312) 377-1502
Facsimile: (888)787-2040                 sdowney@dl-firm.com
josh@sanfordlawfirm.com                  jjackler@dl-firm.com
colby@sanfordlawfirm.com

## CONFIDENTIAL SETTLEMENT AGREEMENT

Named Plaintiff, Matthew Williams ("Williams") and opt-in Plaintiffs Karissa Trotter, Noe Alvarez, Dejuan Love, Bryant Miller, Nathan McGee, Lenear Bolden, Dupry Steel, Ieasha Barnes, Juwann Robinson, and Kevin Milner (hereinafter referred to collectively as "opt-in Plaintiffs") (Williams and opt-in Plaintiffs are referred to collectively as "Plaintiffs"), and Team Nomad, LLC and Akram Atallah (collectively referred to as "Defendants") (together Plaintiffs and Defendants are referred to as the "Parties") enter into this Confidential Settlement Agreement (the "Agreement") to voluntarily agree to completely settle and resolve all of Plaintiffs' claims in the Lawsuit, as defined below.

WHEREAS, on July 8, 2022, Williams, individually and on behalf of opt-in Plaintiffs, filed a collective action complaint against Defendants, alleging violations of the Fair Labor Standards Act, Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act that is pending in the U.S. District Court for the Northern District of Illinois, Case No. 22-cv-03544 (the "Lawsuit");

WHEREAS, notices were sent to current and former employees of Team Nomad, LLC and 10 individuals filed consent forms joining the Lawsuit; and

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience and enter this Agreement (the "Agreement") to resolve all claims, including attorneys' fees, against Defendants as specified herein;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows:

1.    **No Admission of Liability.**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by the Released Parties (as defined in Paragraphs 4(d) and 4(h) below) of any (i) liability or wrongdoing to Plaintiffs, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. The Released Parties specifically deny any liability or wrongdoing.

2.    **Plaintiffs' Execution of the Settlement Agreement and Release.**

As a condition precedent to Defendants' obligations under this Agreement, including the payment of monies, all Parties must execute this Agreement.  If any of them fail to execute this Agreement, this Agreement shall become null and void.

3.    **Payment Terms and Consideration.**

In consideration for the promises in this Agreement, Defendants shall cause to be paid to Plaintiffs the gross sum of $26,500.00 (the "Settlement Payment"). Defendants will make the Settlement Payment within twenty-one (21) business days after the last of the following conditions precedent are satisfied: (i) the Court approves this Agreement; (ii) the Court dismisses

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

the Lawsuit with prejudice and each party responsible for their own fees and costs (subject to this Agreement); (iii) the Parties execute the Agreement; and (iv) the receipt of Form W-9's from Plaintiffs' counsel and Williams. The Settlement Payment shall be paid as follows:

 a. Matthew Williams shall receive the following two checks:

   1) One check in the gross amount of $1,655.66, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

   2) One check in the amount of $500.00 as a service reward. An IRS Form 1099 will be issued for this amount.

 b. Karissa Trotter shall receive one check in the gross amount of $220.86, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

 c. Noe Alvarez shall receive one check in the gross amount of $1,499.99, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

 d. Bryant Miller shall receive one check in the gross amount of $61.83, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

 e. Nathan McGee shall receive one check in the gross amount of $453.61, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

 f. Dupry Steel shall receive one check in the gross amount of $1,094.49, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

 g. Dejuan Love shall receive one check in the gross amount of $1,130.85, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

 h. Lenear Bolden shall receive one check in the gross amount of $1,241.95, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

 i. Ieasha Barnes shall receive one check in the gross amount of $356.59, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

 j. Juwann Robinson shall receive one check in the gross amount of $2,063.27, less required tax and other withholdings and deductions,

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

k. Kevin Milner shall receive one check in the gross amount of $220.90, less required tax and other withholdings and deductions, representing alleged unpaid wages. An IRS Form W-2 will be issued for this amount.

l. One check made payable to Sanford Law Firm, PLLC in the amount of $16,000.00, as full and complete payment for attorneys' fees and costs in connection with any claims that are released in this Agreement. Plaintiffs and their attorneys hereby waive, compromise, release and discharge any such claims and/or liens. Williams agrees that the amount in attorneys' fees and costs paid under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs associated with the Lawsuit.

The Parties agree that the Settlement Payment constitutes good, valid and sufficient consideration for this Agreement and Plaintiffs agree that, with these Settlement Payments, their claims for unpaid compensation for all hours worked in accordance with federal, state, and local wage laws, regulations and/or ordinances have been fully satisfied, and that there are no unpaid wages or any other forms of compensation, damages, and/or penalties due to them from the Released Parties.

Without discharging Defendants from their ultimate obligation to ensure the full Settlement Payment is delivered to and received by Plaintiffs and their counsel, the Parties agree that the Defendants will be considered to have fulfilled their obligations regarding timely issuance of the Settlement Payment by submitting the checks listed herein, together with appropriate packaging and postage, to either the custody and control of a United States Postal Service employee, a United States Postal Service Mailbox, or any other receptacle authorized for receipt of United States Postal Service Mail, on or before the deadline for issuance of the Settlement Payment as contemplated herein. The Parties agree that any delay in delivery of the Settlement Payment that is caused by, or may be attributed in whole or in part, to any act or omission of the United States Postal Service or other mail carrier, shall toll the deadline for issuance of the Settlement Payment as contemplated herein, and shall not be considered a breach of this Agreement on behalf of Defendants in any way.

4. **General Release by Williams**

a. Except as to any claims that cannot be released under applicable law, Williams, hereby releases, waives, settles, compromises and forever discharges any and all claims against the Released Parties, that he has of the time that he executes this Agreement, whether known or unknown and whether asserted or unasserted. Williams further waives any right to any form of damages (including, but not limited to lost wages, compensatory damages, liquidated damages, or punitive damages), reinstatement, attorneys' fees and costs, or other remedy in any action brought by him or on his behalf.

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

b.      Without limiting the foregoing, this release specifically includes all claims for unpaid wages, including without limitation minimum wages, overtime wages and mileage reimbursements. This release also includes any and all claims based directly or indirectly upon Plaintiff's employment with Defendants, the cessation of his employment, and any alleged act or omission to act by the Released Parties, whether related or unrelated to his employment. This release also includes any and all claims under the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Cook County Minimum Wage Ordinance, Chicago Minimum Wage Ordinance, the Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Civil Rights Act of 1866, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act, the Illinois Human Rights Act, the Illinois Equal Pay Act, the Cook County Human Rights Ordinance, and the City of Chicago Human Rights Ordinance. This release also includes any and all tort claims and claims Plaintiff may have arising from any federal, state, or local constitution, statute, regulation, rule, ordinance, order, public policy, contract, or common law.

c.      This release includes all equitable and legal relief, attorneys' fees, and costs. In particular, this Agreement is intended to be a resolution of any possible claims and Williams and Defendants agree that neither party is a "prevailing party," except as may be necessary for the Sanford Law Firm to recover the amount set forth in paragraph 2(l). Moreover, Williams specifically intends and agrees that this Agreement fully contemplates all claims for attorney's fees and costs, and hereby waives, compromises, releases and discharges any such claims.

d.      Williams agrees that this release includes all claims and potential claims against Akram Atallah, his heirs, beneficiaries, trustees and corporations owned by him, and Team Nomad, LLC and any of its affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and, as intended third-party beneficiaries, each of their predecessors, successors, heirs and assigns, and all of their past, present and future owners, shareholders, directors, members, managers, officers, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (all individuals and corporations set forth in this Paragraph are collectively referred to as the "Released Parties").

5.      **Limited Release by Opt-in Plaintiffs**

a.      Except as to any claims that cannot be released under applicable law, opt-in Plaintiffs hereby release, waive, settle, comprise and forever discharge any and all wage claims against the Released Parties, that they have of the time that they execute this Agreement, whether known or unknown and whether asserted or unasserted, related to and contemplated by the claims of this Lawsuit.

b.      Without limiting the foregoing, this release specifically includes all claims for unpaid wages, including without limitation minimum wages, overtime wages, and mileage reimbursements under the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Cook County Minimum Wage Ordinance, and the Chicago Minimum Wage Ordinance.

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

c.     This release includes all equitable and legal relief, attorneys' fees, and costs. In particular, this Agreement is intended to be a resolution of any possible wage claims and the opt-in Plaintiffs and Williams agree that neither party is a "prevailing party," except as necessary for the Sanford Law Firm to recover the amount set forth in paragraph 2(l). Moreover, the opt-in Plaintiffs specifically intend and agree that this Agreement fully contemplates all claims for attorney's fees and costs, and hereby waives, compromises, releases and discharges any such claims.

d.     The opt-in Plaintiffs agree that this release includes all wage claims and potential wage claims against Akram Atallah, his heirs, beneficiaries, trustees and corporations owned by him, and Team Nomad, LLC and any of its affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and, as intended third-party beneficiaries, each of their predecessors, successors, heirs and assigns, and all of their past, present and future owners, shareholders, directors, members, managers, officers, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (all individuals and corporations set forth in this Paragraph are collectively referred to as the "Released Parties").

6.     **Promise Not to Sue.**

Plaintiffs promise and covenant that they will not file any lawsuit, join, opt-into or otherwise be a class member in any lawsuit or claim against the Released Parties based upon any claim covered under the foregoing releases in Paragraphs 4 and 5, respectively applied to Williams and the opt-in Plaintiffs. Plaintiffs agree that, if any of them receive notice that they are a member of a class action involving a claim that has been released in this Agreement, the Plaintiff will take all necessary steps to opt-out or exclude themselves as a class member. Nothing in this Agreement restricts a Plaintiff's right to enforce this Agreement and the promises set forth herein.

7.     **Court Approval and Dismissal of Claims.**

The Parties will submit this Agreement to the Honorable Edmond E. Chang for court approval, and Plaintiffs will request dismissal of the Lawsuit with prejudice and each party to bear its own fees and costs, except as provided in this Agreement. It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon the Plaintiffs. Plaintiffs represent and warrant that they do not presently have any claims other than those that have been asserted in the Lawsuit or could have been asserted in the Lawsuit pending against the Released Parties before any court, agency, or other person/entity other than those identified herein, to the best of their knowledge.

8.     **Mutual Non-Disparagement.**

Plaintiffs agree that they will not make any disparaging, negative or critical statements or remarks, either verbally or in writing, about their employment with Team Nomad, LLC, its products or services, or about Akram Atallah, to any third party, specifically including, without limitation, any past, present or prospective employee, any customer or business contact of

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

Defendants or any representative of the media. This Paragraph shall not apply to communications between Plaintiffs and their attorney, any disclosure or statement relating to any proceedings to enforce the terms of this Agreement, statements made in cooperation with any government agency responsible for enforcing wage laws or as otherwise expressly authorized by law or lawful process of any administrative, judicial or adjudicative authority.

Defendants agree that they will not make any disparaging, negative or critical statements or remarks either verbally or in writing, about Plaintiffs. This Paragraph shall not apply to communications among the Released Parties and/or their management officials, officers, members, owners, directors, any disclosure or statement relating to any proceeding to enforce the terms of this Agreement, or a Released Party's defense of a charge, complaint, claim or lawsuit, or as otherwise expressly authorized by law or lawful process of any administrative, judicial or adjudicative authority.

9.  **No-Rehire**

Plaintiffs further agree as a condition of this settlement to never seek rehire by or future employment with any business owned or operated by Defendants and agree not to pursue any legal action as a result of any future non-rehire. Further, Defendants will not be obligated to process any application submitted by Plaintiffs.

10.  **Mutual Confidentiality.**

Plaintiffs agree that neither they nor their agents will disclose the settlement of the Lawsuit or terms of this Agreement to any third party. This Paragraph shall not apply to communications solely between and among the Plaintiffs, their accountants and attorneys, any disclosure or statement relating to any proceeding to enforce the terms of this Agreement or as expressly authorized by law or lawful process. In the event Plaintiffs breach this confidentiality agreement, the Parties agree that it would constitute a material breach of this Agreement and would result in that Plaintiff's agreement to repay 50% of the settlement amount allocated to that Plaintiff.

Defendants agree that they will not disclose the terms of this Agreement to any third party. This Paragraph shall not apply to communications among the Released Parties and/or their management officials, officers, members, owners, directors, attorneys, accountants, tax preparers, any disclosure or statement relating to any proceeding to enforce the terms of this Agreement, or a Released Party's defense of a charge, complaint, claim or lawsuit, in connection with an audit by a union or its representative, or as otherwise expressly authorized by law or lawful process of any administrative, judicial or adjudicative authority.

11.  **Taxation.**

Each Plaintiff agrees to indemnify Defendants from any liability against any of them by any taxing authority relating to the Plaintiffs' tax obligations, but not Defendants' tax obligations, provided that this indemnification does not include any cost of defense.

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

12. **Right to Counsel.**

Plaintiffs acknowledge that they have been advised by competent legal counsel of their own choosing, in connection with the review and execution of this Agreement and that they have had an opportunity to, and did, negotiate over the terms of this Agreement.

13. **Non-Assignment.**

Plaintiffs expressly promise the Released Parties that they have not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties; (b) any rights that they may have had to assert claims on each of their behalf or on behalf of others against the Released Parties; and (c) any right they have or may have to the Settlement Payment. Plaintiffs promise that any monies, benefits or other consideration they receive from Defendants are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Settlement Payment.

14. **Severability**

The Parties agree that if any portion of this Agreement is found to be unenforceable or prohibited, the remainder of this Agreement shall be in full force and effect.

15. **Counterpart Signatures.**

This Agreement may be executed electronically and in one or more actual or facsimile or .pdf counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

16. **Neutral Construction.**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

17. **Complete Agreement.**

This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral communications are superseded by this Agreement. The Parties understand and agree that all of the terms and promises of this Agreement, other than the "Whereas" clauses which are informational, are contractual and not a mere recital. This Agreement supersedes any and all prior agreements, understandings and communications between the Parties.

18. **Governing Law and Venue.**

All issues and questions concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by, and construed in accordance with, the laws of the State of Illinois, without giving effect to any choice of law or conflict of law rules or

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

provisions (whether of the State of Illinois or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Illinois. Any action to enforce the terms of this Agreement shall be brought in a court of competent jurisdiction sitting in Illinois.

### 19. <u>Plaintiffs' Acknowledgment.</u>

Plaintiffs declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. Plaintiffs fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily, without coercion enter into this Agreement. Further, Plaintiffs agree and acknowledge that they have had sufficient time and full opportunity to investigate all matters pertaining to their claims in this Lawsuit and that the waiver and release of those rights or claims they may have under any local, state or federal law is knowing and voluntary.

**\* Signatures Begin on the Next Page \***

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

**PLEASE READ CAREFULLY.  THIS DOCUMENT INCLUDES
PLAINTIFFS' RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

MATTHEW WILLIAMS

*Matthew G Williams*

Date: _____04 / 19 / 2023_____

TEAM NOMAD, LLC

By: _____

Its: Owner

Date: 05/01/2023

KARISSA TROTTER

_____

Date: _____04 / 20 / 2023_____

AKRAM ATALLAH

_____

Date: 05/01/2023

DEJUAN LOVE

_____

Date: _____04 / 19 / 2023_____

JUWANN ROBINSON

*Juwann Robinson*

Date: _____04 / 27 / 2023_____

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

IEASHA BARNES

_Ieasha Barnes_

Date: 04 / 20 / 2023

KEVIN MILNER

_Kevin_

Date: 04 / 20 / 2023

NOE ALVAREZ

Date: 04 / 20 / 2023

BRYANT MILLER

Date: 04 / 25 / 2023

LENEAR BOLDEN

Date: 04 / 21 / 2023

DUPRY STEEL

Date: 04 / 25 / 2023

NATHAN MCGEE

Date: 04 / 19 / 2023

Doc ID: 056468e6e00480cd2e135dc25bc060c45505ed01

| Name | Date | Road Hours | Road Rate | Store Hours | Store Rate | IL MW | Mileage | Reimbursement Rate | IRS Rate | Kickback Amount | Pay Over MW | Kickback Damages | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Williams, Matthew | 10/29/2021 | 5.10 | $ 10.00 | 2.43 | $ 11.00 | $ 11.00 | 43.66 | $ 0.32 | $ 0.560 | $ 10.48 | $ - | $ 10.48 | |
| Williams, Matthew | 10/30/2021 | 5.04 | $ 10.00 | 2.65 | $ 11.00 | $ 11.00 | 48.34 | $ 0.32 | $ 0.560 | $ 11.60 | $ - | $ 11.60 | |
| Williams, Matthew | 10/31/2021 | 5.01 | $ 10.00 | 1.96 | $ 11.00 | $ 11.00 | 40.36 | $ 0.32 | $ 0.560 | $ 9.69 | $ - | $ 9.69 | |
| Williams, Matthew | 11/1/2021 | 4.14 | $ 10.00 | 2.66 | $ 11.00 | $ 11.00 | 43.33 | $ 0.32 | $ 0.560 | $ 10.40 | $ - | $ 10.40 | |
| Williams, Matthew | 11/2/2021 | 5.38 | $ 10.00 | 1.84 | $ 11.00 | $ 11.00 | 56.26 | $ 0.32 | $ 0.560 | $ 13.50 | $ - | $ 13.50 | |
| Williams, Matthew | 11/5/2021 | 3.90 | $ 10.00 | 3.83 | $ 11.00 | $ 11.00 | 37.14 | $ 0.32 | $ 0.560 | $ 8.91 | $ - | $ 8.91 | |
| Williams, Matthew | 11/10/2021 | 3.73 | $ 10.00 | 3.38 | $ 11.00 | $ 11.00 | 40.9 | $ 0.32 | $ 0.560 | $ 9.82 | $ - | $ 9.82 | |
| Williams, Matthew | 11/11/2021 | 3.91 | $ 10.00 | 2.83 | $ 11.00 | $ 11.00 | 41.97 | $ 0.32 | $ 0.560 | $ 10.07 | $ - | $ 10.07 | |
| Williams, Matthew | 11/12/2021 | 5.65 | $ 10.00 | 2.81 | $ 11.00 | $ 11.00 | 48.96 | $ 0.32 | $ 0.560 | $ 11.75 | $ - | $ 11.75 | |
| Williams, Matthew | 11/13/2021 | 6.70 | $ 10.00 | 1.69 | $ 11.00 | $ 11.00 | 67.4 | $ 0.32 | $ 0.560 | $ 16.18 | $ - | $ 16.18 | |
| Williams, Matthew | 11/14/2021 | 4.56 | $ 10.00 | 2.43 | $ 11.00 | $ 11.00 | 42.84 | $ 0.32 | $ 0.560 | $ 10.28 | $ - | $ 10.28 | |
| Williams, Matthew | 11/15/2021 | 0.54 | $ 10.00 | 0.05 | $ 11.00 | $ 11.00 | 6 | $ 0.32 | $ 0.560 | $ 1.44 | $ - | $ 1.44 | |
| Williams, Matthew | 11/23/2021 | 5.20 | $ 10.00 | 0.95 | $ 11.00 | $ 11.00 | 49.53 | $ 0.32 | $ 0.560 | $ 11.89 | $ - | $ 11.89 | |
| Williams, Matthew | 11/24/2021 | 0.76 | $ 10.00 | 1.41 | $ 11.00 | $ 11.00 | 9.01 | $ 0.32 | $ 0.560 | $ 2.16 | $ - | $ 2.16 | |
| Williams, Matthew | 11/27/2021 | 7.37 | $ 10.00 | 2.72 | $ 11.00 | $ 11.00 | 70.68 | $ 0.32 | $ 0.560 | $ 16.96 | $ - | $ 16.96 | |
| Williams, Matthew | 11/28/2021 | 4.65 | $ 10.00 | 1.70 | $ 11.00 | $ 11.00 | 41.49 | $ 0.32 | $ 0.560 | $ 9.96 | $ - | $ 9.96 | |
| Williams, Matthew | 11/29/2021 | 6.22 | $ 10.00 | 1.56 | $ 11.00 | $ 11.00 | 59 | $ 0.32 | $ 0.560 | $ 14.16 | $ - | $ 14.16 | |
| Williams, Matthew | 11/30/2021 | 2.52 | $ 10.00 | 5.40 | $ 11.00 | $ 11.00 | 18.44 | $ 0.32 | $ 0.560 | $ 4.43 | $ - | $ 4.43 | |
| Williams, Matthew | 12/2/2021 | 5.14 | $ 10.00 | 2.52 | $ 11.00 | $ 11.00 | 50.48 | $ 0.32 | $ 0.560 | $ 12.12 | $ - | $ 12.12 | |
| Williams, Matthew | 12/3/2021 | 3.83 | $ 10.00 | 2.40 | $ 11.00 | $ 11.00 | 31.03 | $ 0.32 | $ 0.560 | $ 7.45 | $ - | $ 7.45 | |
| Williams, Matthew | 12/4/2021 | 4.71 | $ 10.00 | 1.66 | $ 11.00 | $ 11.00 | 42.01 | $ 0.32 | $ 0.560 | $ 10.08 | $ - | $ 10.08 | |
| Williams, Matthew | 12/5/2021 | 4.65 | $ 10.00 | 0.95 | $ 11.00 | $ 11.00 | 34.37 | $ 0.32 | $ 0.560 | $ 8.25 | $ - | $ 8.25 | |
| Williams, Matthew | 12/6/2021 | 4.75 | $ 10.00 | 2.40 | $ 11.00 | $ 11.00 | 54.66 | $ 0.32 | $ 0.560 | $ 13.12 | $ - | $ 13.12 | |
| Williams, Matthew | 12/7/2021 | 4.90 | $ 10.00 | 4.90 | $ 11.00 | $ 11.00 | 33.46 | $ 0.32 | $ 0.560 | $ 8.03 | $ - | $ 8.03 | |
| Williams, Matthew | 12/8/2021 | 3.05 | $ 10.00 | 3.78 | $ 11.00 | $ 11.00 | 34.51 | $ 0.32 | $ 0.560 | $ 8.28 | $ - | $ 8.28 | |
| Williams, Matthew | 12/9/2021 | 1.81 | $ 10.00 | 2.15 | $ 11.00 | $ 11.00 | 17.6 | $ 0.32 | $ 0.560 | $ 4.22 | $ - | $ 4.22 | |
| Williams, Matthew | 12/10/2021 | 4.49 | $ 10.00 | 2.85 | $ 11.00 | $ 11.00 | 41.31 | $ 0.32 | $ 0.560 | $ 9.91 | $ - | $ 9.91 | |
| Williams, Matthew | 12/13/2021 | 2.92 | $ 10.00 | 2.87 | $ 11.00 | $ 11.00 | 24.99 | $ 0.32 | $ 0.560 | $ 6.00 | $ - | $ 6.00 | |
| Williams, Matthew | 12/14/2021 | 1.23 | $ 10.00 | 2.94 | $ 11.00 | $ 11.00 | 12.27 | $ 0.32 | $ 0.560 | $ 2.94 | $ - | $ 2.94 | |
| Williams, Matthew | 12/15/2021 | 1.72 | $ 10.00 | 1.66 | $ 11.00 | $ 11.00 | 13.74 | $ 0.32 | $ 0.560 | $ 3.30 | $ - | $ 3.30 | |
| Williams, Matthew | 12/17/2021 | 5.22 | $ 10.00 | 2.65 | $ 11.00 | $ 11.00 | 51.3 | $ 0.32 | $ 0.560 | $ 12.31 | $ - | $ 12.31 | |
| Williams, Matthew | 12/19/2021 | 6.34 | $ 10.00 | 1.19 | $ 11.00 | $ 11.00 | 53.93 | $ 0.32 | $ 0.560 | $ 12.94 | $ - | $ 12.94 | |
| Williams, Matthew | 1/3/2022 | 5.59 | $ 10.00 | 2.46 | $ 12.00 | $ 12.00 | 48.74 | $ 0.32 | $ 0.585 | $ 12.92 | $ - | $ 12.92 | |
| Williams, Matthew | 1/4/2022 | 3.35 | $ 10.00 | 3.37 | $ 12.00 | $ 12.00 | 34.64 | $ 0.32 | $ 0.585 | $ 9.18 | $ - | $ 9.18 | |
| Williams, Matthew | 1/5/2022 | 5.36 | $ 10.00 | 0.83 | $ 12.00 | $ 12.00 | 33.37 | $ 0.32 | $ 0.585 | $ 8.84 | $ - | $ 8.84 | |
| Williams, Matthew | 1/9/2022 | 2.64 | $ 10.00 | 1.71 | $ 12.00 | $ 12.00 | 20.01 | $ 0.32 | $ 0.585 | $ 5.30 | $ - | $ 5.30 | |
| Williams, Matthew | 1/10/2022 | 2.85 | $ 10.00 | 4.09 | $ 12.00 | $ 12.00 | 26.81 | $ 0.32 | $ 0.585 | $ 7.10 | $ - | $ 7.10 | |
| Williams, Matthew | 1/11/2022 | 3.45 | $ 10.00 | 3.14 | $ 12.00 | $ 12.00 | 32.4 | $ 0.32 | $ 0.585 | $ 8.59 | $ - | $ 8.59 | |
| Williams, Matthew | 1/12/2022 | 1.19 | $ 10.00 | 2.30 | $ 12.00 | $ 12.00 | 13.44 | $ 0.32 | $ 0.585 | $ 3.56 | $ - | $ 3.56 | |
| Williams, Matthew | 1/14/2022 | 4.09 | $ 10.00 | 1.87 | $ 12.00 | $ 12.00 | 30.94 | $ 0.32 | $ 0.585 | $ 8.20 | $ - | $ 8.20 | |
| Williams, Matthew | 1/17/2022 | 3.47 | $ 10.00 | 2.93 | $ 12.00 | $ 12.00 | 27.99 | $ 0.32 | $ 0.585 | $ 7.42 | $ - | $ 7.42 | |
| Williams, Matthew | 1/18/2022 | 4.59 | $ 10.00 | 2.31 | $ 12.00 | $ 12.00 | 33.37 | $ 0.32 | $ 0.585 | $ 8.84 | $ - | $ 8.84 | |
| Williams, Matthew | 1/19/2022 | 4.70 | $ 10.00 | 2.87 | $ 12.00 | $ 12.00 | 50.4 | $ 0.32 | $ 0.585 | $ 13.36 | $ - | $ 13.36 | |
| Williams, Matthew | 1/21/2022 | 3.25 | $ 10.00 | 1.26 | $ 12.00 | $ 12.00 | 27.38 | $ 0.32 | $ 0.585 | $ 7.26 | $ - | $ 7.26 | |
| Williams, Matthew | 1/24/2022 | 2.69 | $ 10.00 | 0.66 | $ 12.00 | $ 12.00 | 22.77 | $ 0.32 | $ 0.585 | $ 6.03 | $ - | $ 6.03 | |
| Williams, Matthew | 1/25/2022 | 2.78 | $ 10.00 | 1.20 | $ 12.00 | $ 12.00 | 25.22 | $ 0.32 | $ 0.585 | $ 6.68 | $ - | $ 6.68 | |
| Williams, Matthew | 1/26/2022 | 2.46 | $ 10.00 | 0.88 | $ 12.00 | $ 12.00 | 25.21 | $ 0.32 | $ 0.585 | $ 6.68 | $ - | $ 6.68 | |
| Williams, Matthew | 1/28/2022 | 2.95 | $ 10.00 | 1.30 | $ 12.00 | $ 12.00 | 27.27 | $ 0.32 | $ 0.585 | $ 7.23 | $ - | $ 7.23 | |
| Williams, Matthew | 1/29/2022 | 5.05 | $ 10.00 | 1.79 | $ 12.00 | $ 12.00 | 48.7 | $ 0.32 | $ 0.585 | $ 12.91 | $ - | $ 12.91 | |
| Williams, Matthew | 1/31/2022 | 0.95 | $ 10.00 | 3.62 | $ 12.00 | $ 12.00 | 5.42 | $ 0.32 | $ 0.585 | $ 1.44 | $ - | $ 1.44 | |
| Williams, Matthew | 2/1/2022 | 3.03 | $ 10.00 | 0.64 | $ 12.00 | $ 12.00 | 35.47 | $ 0.32 | $ 0.585 | $ 9.40 | $ - | $ 9.40 | |
| Williams, Matthew | 2/5/2022 | 3.25 | $ 10.00 | 1.24 | $ 12.00 | $ 12.00 | 37.52 | $ 0.32 | $ 0.585 | $ 9.94 | $ - | $ 9.94 | $ 463.51 |
| Alvarez, Noe | 5/24/2020 | 43.90 | $ 6.15 | 27.61 | $ 9.25 | $ 9.25 | 538.19 | $ 0.32 | $ 0.575 | $ 137.24 | $ - | $ 137.24 | |
| Alvarez, Noe | 6/7/2020 | 45.33 | $ 6.15 | 21.74 | $ 9.25 | $ 9.25 | 547.38 | $ 0.32 | $ 0.575 | $ 139.58 | $ - | $ 139.58 | |
| Alvarez, Noe | 6/21/2020 | 26.20 | $ 6.15 | 15.29 | $ 9.25 | $ 9.25 | 330.59 | $ 0.32 | $ 0.575 | $ 84.30 | $ - | $ 84.30 | $ 361.12 |
| McGee, Nathan | 12/26/2020 | 6.38 | $ 8.25 | 0.00 | $ 13.00 | $ 10.00 | 42.44 | $ 0.32 | $ 0.575 | $ 10.82 | $ - | $ 10.82 | |
| McGee, Nathan | 1/3/2021 | 19.61 | $ 8.25 | 7.32 | $ 13.00 | $ 11.00 | 196.59 | $ 0.32 | $ 0.560 | $ 47.18 | $ 14.640 | $ 32.54 | |
| McGee, Nathan | 1/17/2021 | 22.08 | $ 8.25 | 6.19 | $ 13.00 | $ 11.00 | 247.97 | $ 0.32 | $ 0.560 | $ 59.51 | $ 12.380 | $ 47.13 | |
| McGee, Nathan | 1/22/2021 | 11.01 | $ 8.25 | 0.00 | $ 13.00 | $ 11.00 | 104.25 | $ 0.32 | $ 0.560 | $ 25.02 | $ - | $ 25.02 | |
| McGee, Nathan | 2/6/2021 | 0.00 | $ 8.25 | 6.18 | $ 13.00 | $ 11.00 | 0.00 | $ 0.32 | $ 0.560 | $ - | $ 12.360 | $ - | $ 115.52 |
| Robinson, Juwann | 11/24/2019 | 22.08 | $ 8.25 | 10.94 | $ 12.00 | $ 8.25 | 314.78 | $ 0.32 | $ 0.580 | $ 81.84 | $ 41.025 | $ 40.82 | |
| Robinson, Juwann | 12/8/2019 | 51.82 | $ 8.25 | 26.57 | $ 12.00 | $ 8.25 | 708.03 | $ 0.32 | $ 0.580 | $ 184.09 | $ 99.638 | $ 84.45 | |
| Robinson, Juwann | 12/22/2019 | 46.86 | $ 8.25 | 16.92 | $ 12.00 | $ 8.25 | 642.94 | $ 0.32 | $ 0.580 | $ 167.16 | $ 63.450 | $ 103.71 | |
| Robinson, Juwann | 1/5/2020 | 42.19 | $ 8.25 | 17.78 | $ 12.00 | $ 9.25 | 625.22 | $ 0.32 | $ 0.575 | $ 159.43 | $ 48.895 | $ 110.53 | |
| Robinson, Juwann | 1/19/2020 | 3.10 | $ 8.25 | 1.77 | $ 12.00 | $ 9.25 | 37.06 | $ 0.32 | $ 0.575 | $ 9.45 | $ 4.868 | $ 4.58 | |
| Robinson, Juwann | 4/12/2020 | 22.60 | $ 8.25 | 8.68 | $ 12.00 | $ 9.25 | 388.91 | $ 0.32 | $ 0.575 | $ 99.17 | $ 23.870 | $ 75.30 | |
| Robinson, Juwann | 4/26/2020 | 6.81 | $ 8.25 | 5.81 | $ 12.00 | $ 9.25 | 93.69 | $ 0.32 | $ 0.575 | $ 23.89 | $ 15.978 | $ 7.91 | |
| Robinson, Juwann | 5/10/2020 | 20.51 | $ 8.25 | 10.38 | $ 12.00 | $ 9.25 | 324.53 | $ 0.32 | $ 0.575 | $ 82.76 | $ 28.545 | $ 54.21 | $ 481.53 |
| Trotter, Karissa | 7/18/2021 | 18.60 | $ 6.35 | 21.69 | $ 11.00 | $ 11.00 | 246.25 | $ 0.32 | $ 0.580 | $ 59.10 | $ - | $ 59.10 | $ 59.10 |
| Steel, Dupry | 11/24/2019 | 20.39 | $ 8.25 | 0.00 | $ 8.25 | $ 8.25 | 394.16 | $ 0.32 | $ 0.580 | $ 102.48 | $ - | $ 102.48 | |
| Steel, Dupry | 11/30/2019 | 24.56 | $ 8.25 | 0.00 | $ 8.25 | $ 8.25 | 197.28 | $ 0.32 | $ 0.580 | $ 51.29 | $ - | $ 51.29 | |
| Steel, Dupry | 12/8/2019 | 29.32 | $ 8.25 | 0.00 | $ 8.25 | $ 8.25 | 245.06 | $ 0.32 | $ 0.580 | $ 63.72 | $ - | $ 63.72 | |
| Steel, Dupry | 12/22/2019 | 13.86 | $ 8.25 | 7.43 | $ 8.25 | $ 8.25 | 131.72 | $ 0.32 | $ 0.580 | $ 34.25 | $ - | $ 34.25 | $ 251.74 |
| Milner, Kevin | 1/17/2021 | 21.16 | $ 11.00 | 21.94 | $ 11.00 | $ 11.00 | 268.08 | $ 0.35 | $ 0.560 | $ 56.30 | $ - | $ 56.30 | $ 56.30 |
| Barnes, Ieasha | 1/17/2022 | | $ 11.00 | | $ 12.00 | $ 12.00 | 110.83 | $ 0.35 | $ 0.585 | $ 26.04 | $ - | $ 26.04 | |
| Barnes, Ieasha | 1/16/2022 | 11.53 | $ 11.00 | 9.52 | $ 12.00 | $ 12.00 | 103.04 | $ 0.35 | $ 0.585 | $ 24.22 | $ - | $ 24.22 | |
| Barnes, Ieasha | 4/10/2022 | 24.54 | $ 11.00 | 15.52 | $ 12.00 | $ 12.00 | 219.31 | $ 0.35 | $ 0.585 | $ 51.54 | $ - | $ 51.54 | $ 101.80 |

EXHIBIT 2

| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bolden, Lenear | 1/30/2022 | 14.77 | $ | 12.00 | 14.50 | $ | 12.00 | $ | 12.00 | 146.28 | $ | 0.32 | $ | 0.585 | $ 38.76 | $ | - | $ 38.76 | |
| Bolden, Lenear | 1/16/2022 | 24.97 | $ | 10.00 | 14.98 | $ | 12.00 | $ | 12.00 | 247.30 | $ | 0.32 | $ | 0.585 | $ 65.53 | $ | - | $ 65.53 | |
| Bolden, Lenear | 1/2/2022 | 44.71 | $ | 10.00 | 15.27 | $ | 11.02 | $ | 12.00 | 442.81 | $ | 0.32 | $ | 0.585 | $ 117.34 | | - | $ 117.34 | |
| Bolden, Lenear | 12/19/2021 | 40.65 | $ | 10.00 | 31.57 | $ | 11.00 | $ | 11.00 | 402.60 | $ | 0.32 | $ | 0.560 | $ 96.62 | $ | - | $ 96.62 | |
| Bolden, Lenear | 12/5/2021 | 12.81 | $ | 10.00 | 4.24 | $ | 11.00 | $ | 11.00 | 126.87 | $ | 0.32 | $ | 0.560 | $ 30.45 | $ | - | $ 30.45 | $ 348.71 |
| Miller, Bryant | 11/23/2019 | 6.77 | $ | 9.53 | 0.00 | $ | 11.33 | $ | 8.25 | 54.54 | $ | 0.32 | $ | 0.580 | $ 14.18 | $ | - | $ 14.18 | $ 14.18 |
| Love, Dejuan | 1/5/2020 | 31.15 | $ | 5.58 | 10.45 | $ | 8.97 | $ | 9.25 | 272.94 | $ | 0.32 | $ | 0.575 | $ 69.60 | $ | - | $ 69.60 | |
| Love, Dejuan | 1/19/2020 | 33.49 | $ | 6.15 | 23.55 | $ | 9.25 | $ | 9.25 | 350.94 | $ | 0.32 | $ | 0.575 | $ 89.49 | $ | - | $ 89.49 | |
| Love, Dejuan | 2/2/2020 | 24.82 | $ | 6.15 | 18.90 | $ | 9.25 | $ | 9.25 | 243.38 | $ | 0.32 | $ | 0.575 | $ 62.06 | $ | - | $ 62.06 | |
| Love, Dejuan | 2/16/2020 | 15.56 | $ | 6.15 | 14.29 | $ | 9.25 | $ | 9.25 | 167.63 | $ | 0.32 | $ | 0.575 | $ 42.74 | $ | - | $ 42.74 | $ 263.89 |